UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOAN M. STRUCHEN,

                          Plaintiff,

      v.                                       **DECISION AND ORDER**
                                                                08-CV-824S

OLEAN GENERAL HOSPITAL, JENNIFER
BENTLEY, and KAREN KNIGHT,

                          Defendants.

## I. INTRODUCTION

Plaintiff Joan M. Struchen commenced this action on November 12, 2008, alleging that Defendant Olean General Hospital ("OGH") discriminated against her based on her disability and retaliated against her in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and the New York State Human Rights Law ("HRL"), N.Y. EXEC. LAW §§ 290 *et seq.* Defendants Bentley and Knight are alleged to have aided and abetted OGH's discrimination. The Complaint asserts five causes of action.

On January 30, 2009, Defendants filed a motion pursuant to Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure, seeking dismissal of a portion of the first cause of action and of the second through fifth causes of action in their entirety. (Docket No. 8.) Struchen responded to the motion to dismiss (Docket No. 10), and then moved for leave to file an amended complaint (Docket No. 11). Defendants filed a reply in connection with their motion, which includes a response to Struchen's motion to dismiss. (Docket No. 12.) The motions are fully briefed and, having reviewed the arguments, this Court concludes that oral argument is unnecessary. For the reasons that follow, Defendants'

1

motion for partial dismissal is granted, and Plaintiff's motion for leave to amend is denied.

## II. BACKGROUND

### A. The Complaint

Plaintiff commenced employment at Olean General Hospital in 1991 and last held the position of Cardio-Pulmonary Licensed Practical Nurse. (Docket No. 1 ¶¶ 10-11.)

In approximately 1995, Plaintiff was diagnosed with "Intermittent Explosive Disorder." (¶ 14.) She advised OGH of her diagnosis in April 2005, at which time Defendant Knight informed her that her condition would be documented as a disability.

Prior to advising OGH of her condition, Plaintiff received a performance evaluation on October 26, 1999 that raised issues regarding inappropriate comments (¶ 15), a written discipline on April 18, 2001 for reporting the actions of two co-workers to a manager (¶ 16), a disciplinary write up on June 25, 2003 for making a comment to co-workers about another employee's absence from an assigned post (¶ 17), and a disciplinary write up in May 2005 for making improper comments on March 24, 2005 (¶¶ 18-19).

After Plaintiff advised OGH of her condition, she was sent to OGH's Employee Health Department for evaluation, and Defendant Knight advised her that, should future disciplinary incidents occur, Human Resources would evaluate the incident in light of Plaintiff's disability before disciplinary steps were taken. (¶¶ 22-24.)

On or about October 12, 2005, OGH adopted a three step program for employee conflict resolution. The individuals involved in an incident were first to offer and accept an apology. If that did not resolve the matter, the conflict was to be reported to a supervisor who would attempt to mediate a resolution. If the second step was unsuccessful, the

2

supervisor would report the matter to a manager for investigation and possible discipline. (¶ 25.)

On January 19, 2006, a co-worker backed a chair into Plaintiff in a small work area. Plaintiff told the co-worker, Ms. Backhaus, that because she was wider than Plaintiff, she should be careful in the future. Plaintiff then reported the incident to Defendant Bentley as a possible safety issue, and was told to keep it to herself. The following day, Plaintiff apologized to Backhaus. Despite offering an apology, Plaintiff received a disciplinary write up for this incident on February 3, 2006. She was told she had to talk to Human Resources, but no such meeting occurred. (¶ 26.)

On March 8, 2006, Plaintiff corrected Ms. Backhaus regarding the placement of electrodes on a patient. Backhaus disliked being corrected, verbally abused Plaintiff, and then broke down sobbing. Backhaus reported the incident to Defendant Bentley and a disciplinary meeting was held on March 10, 2006. (¶ 28.)

As a result of the January 19 and March 8, 2006 incidents, Plaintiff was terminated on March 10, 2006. Plaintiff contends that her termination was discriminatory because OGH failed to properly investigate the incidents in accordance with its conflict resolution policy and failed to evaluate the incidents in light of her disability. (¶¶ 31-32.)

**B.     Procedural History**

Plaintiff filed a discrimination complaint with the New York State Division of Human Rights ("DHR") on December 28, 2006, alleging that, after she advised OGH of her disability in April 2005, her employer failed to take her condition into consideration when it disciplined her in February 2006 and then terminated her in March 2006. (Docket Nos. 1 ¶9(a); 8-2 at 21-22.) The complaint was dual-filed with the United States Equal

Employment Opportunity Commission ("EEOC"). (Docket Nos. 1 ¶ 9(b); 8-2 at 21.) The DHR investigated the complaint and issued a no probable cause determination on May 30, 2008. (Docket Nos. 1 ¶ 9(c); 8-2 at 25-26.) On or about August 12, 2008, the EEOC adopted the DHR's findings and issued Plaintiff a Notice of Dismissal of Suit Rights, which she received on or about August 14, 2008. (Docket Nos. 1 ¶ 9(d); 8-2 at 30.)

Plaintiff timely filed her Complaint on November 12, 2008, alleging that: (1) OGH discriminated against her in violation of the ADA, (2) OGH discriminated against her in violation of the HRL, (3) OGH retaliated against her in violation of the ADA, (4) OGH retaliated against her in violation of the HRL, and (5) Bentley and Knight aided and abetted the discrimination.

**C.   The Pending Motions**

Defendants move to dismiss: (1) the first cause of action (ADA discrimination) to the extent it is based on events occurring prior to March 3, 2006, (2) the third cause of action (ADA retaliation) for failure to exhaust administrative remedies and, alternatively, failure to state a claim, (3) the second and fourth causes of action (the HRL claims) based on Plaintiff's election of remedies, and (4) the fifth cause of action for failure to state a claim under the ADA and based on election of remedies under the HRL.

In response to the motion to dismiss, Plaintiff concedes that only the March 8, 2006 incident with Ms. Backhaus and her March 10, 2006 termination provide a timely basis for pursuing her ADA discrimination claim, and that she "does not seek relief based on

4

allegations of time-barred discrimination."[1]  (Docket No. 10 at 4-5.)  Plaintiff further concedes that she elected an administrative remedy with regard to her state law claims, and withdraws her second and fourth causes of action in their entirety, and the fifth cause of action to the extent it is predicated on the HRL.  (*Id.* at 5, 7.)  Thus, the only claims that remain in dispute are ADA claims for retaliation by OGH and for aiding and abetting by Bentley and Knight.

On the same day Plaintiff filed her response to the motion, she moved for leave to amend her complaint.  Consistent with her concessions, Plaintiff's proposed amended complaint deletes the second and fourth causes of action (the HRL claims).  It otherwise is identical to the original complaint.  (Docket No. 11.)

In reply, Defendants urge that the motion for leave to amend is futile because the three claims therein are identical to those presented in the original complaint, and thus suffer from the same deficiencies identified in their motion to dismiss.  Alternatively, they argue that the motion for leave to amend is premature.  (Docket No. 12.)

### III.  DISCUSSION

Consideration of Defendants' motion to dismiss necessarily will resolve the question of the viability of Plaintiff's proposed amended complaint.  Thus, the motions are considered together.  As already noted, no dispute remains with respect to Plaintiff's first

---

[1] Despite her concessions, Plaintiff goes on to suggest that she may seek to assert a continuing violation theory with regard to the admittedly time-barred incidents at a "more appropriate" time.  (Docket No. 10 at 5.)  Defendants have not responded to this suggestion.  This Court notes that applicability of the continuing violation doctrine is a question of law appropriately considered in the context of a motion to dismiss.  Thus, Plaintiff's failure to now advance whatever legal arguments she may have to support delaying the limitations period will result in dismissal of the first cause of action to the extent it is based on events occurring prior to March 3, 2006.

cause of action as stated in both the original and proposed amended complaints. As Plaintiff concedes, her ADA discrimination claim is timely only as to incidents occurring on or after March 3, 2006. That leaves for discussion only the ADA retaliation claim against OGH and the ADA claim against Bentley and Knight.

**A.    ADA Retaliation**

Defendants first urge that Plaintiff cannot maintain an ADA retaliation claim because her DHR complaint makes no mention of retaliation and, thus, she failed to exhaust her administrative remedies with regard to this claim.

Ordinarily, a plaintiff may maintain a federal court discrimination or retaliation claim only if the claim is first asserted in an administrative charge timely filed with the EEOC or an appropriate state or local administrative agency. Drexel v. Ferronics Inc., 670 F. Supp. 2d 189, 190 (W.D.N.Y. 2009) (exhaustion of administrative remedies is essential element of discrimination claims); Mitchell v. Project Renewal, 09-CV-1958, 2010 U.S. Dist. LEXIS 8323, at *3 (S.D.N.Y. Jan. 29, 2010) (dismissing ADA claim for failure to exhaust).

However, under some circumstances, courts may entertain claims that, while not expressly raised in the underlying administrative charge, are "reasonably related" to it. *See* Butts v. City of New York Dep't of Hous. Pres. & Dev., 990 F.2d 1397, 1401 (2d Cir. 1993), *superseded by statute on other grounds as stated in*, Hawkins v. 1115 Legal Servs. Care, 163 F.3d 684, 693 (2d Cir. 1998). "A claim is considered reasonably related if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made." Fitzgerald v. Henderson, 251 F.3d 345, 259-60 (2d Cir. 2001) (internal quotation marks omitted). In considering whether a claim is "reasonably related," a district court should focus "'on the factual allegations made

in the [EEOC] charge itself, describing the discriminatory conduct about which a plaintiff is grieving.'" Deravin v. Kerik, 335 F.3d 195, 201 (2d Cir. 2003) (quoting Freeman v. Oakland Unified Sch. Dist., 291 F.3d 632, 637 (9th Cir. 2002) (alteration in original). The core question is whether the administrative complaint gave the agency adequate notice to investigate the claim. Deravin, 335 F.3d at 202. It "'is essentially an allowance of loose pleading' and is based on the recognition that 'EEOC charges frequently are filled out by employees without the benefit of counsel and that their primary purpose is to alert the EEOC to the discrimination that a plaintiff claims [he] is suffering.'" Id. at 201 (quoting Butts, 990 F.2d at 1402) (alteration in original).

Plaintiff urges that her administrative complaint presents just such a circumstance. This Court disagrees.

Plaintiff alleges in her DHR complaint that OGH failed to take her disability into consideration when it disciplined her and later terminated her employment. She concludes that OGH "failed to provide me a reasonable accommodation with regard to considering my disability prior to disciplinary actions [and] terminated my employment because of my disability." (Docket No. 8-2 at 21-22.) There is no allegation that Plaintiff complained to OGH of discrimination or engaged in any other protected activity prior to the discipline and termination such that the DHR would reasonably have been alerted to the possibility that those actions were retaliatory. Accordingly, Plaintiff's retaliation claim is subject to dismissal for failure to exhaust. See Mattias v. Ready Workers Mgmt. Corp., 08-CV-7245, 2009 U.S. Dist. LEXIS 85677, at *4 n.2 (S.D.N.Y. Sept. 22, 2009) (where allegations in plaintiff's EEOC charge related only to failure to accommodate and termination, his additional claims for failure to promote, unequal terms and conditions of employment, and

7

retaliation were dismissed as unexhausted); Lopez v. Flight Servs. & Sys., Inc., 07-CV-6186, 2008 U.S. Dist. LEXIS 4744, at *4-5, 15 (W.D.N.Y. Jan. 22, 2008) (retaliation claim was not reasonably related to specific claims of race-based discrimination and disparate treatment in administrative complaint).

## B.     Defendants Bentley and Knight

Courts in this Circuit consistently have held that, as with Title VII, there is no individual liability under the ADA.  Moultrie v. VIP Health Care Servs., 08-CV-0457, 2010 U.S. Dist. LEXIS 25286, at *6-7 (E.D.N.Y.  Mar. 17, 2010); Moreno-Cuevas v. Huntington Learning Ctr., 09-CV-1237, 2009 U.S. Dist. LEXIS 109060, at *5 (D. Conn. Nov. 20, 2009); Liparulo v. Onondaga Cent. Sch. Dist., 06-CV-1068, 2009 U.S. Dist. LEXIS 105517, at *5 (N.D.N.Y. Nov. 12, 2009); Hakim v. Lincoln Hall, 09-CV-860, 2009 U.S. Dist. LEXIS 125199, at *26 (S.D.N.Y. Oct. 23, 2009); Price v. Priority Transp., 07-CV-6627, 2009 U.S. Dist. LEXIS 23730, at *6 (W.D.N.Y. Mar. 23, 2009).  Thus, Plaintiff's ADA claim against Defendants Bentley and Knight must be dismissed.

## IV.  CONCLUSION

For the reasons stated, Defendants' Motion to (Partially) Dismiss is granted and the second through fifth causes of action in the original Complaint are dismissed in their entirety.  The first cause of action survives to the extent it seeks recovery for incidents occurring on or after March 3, 2006.  Based on the foregoing, Plaintiff's Motion for Leave to File an Amended Complaint to reassert the first and third causes of action in their entirety, and the fifth cause of action under the ADA is futile, and the motion is denied.

## V. ORDERS

IT HEREBY IS ORDERED, that Defendants' Motion to (Partially) Dismiss the Complaint (Docket No. 8) is GRANTED;

FURTHER that Plaintiff's Motion for Leave to File an Amended Complaint (Docket No. 11) is DENIED.


SO ORDERED.


Dated: May 7, 2010
      Buffalo, New York

                                                  /s/William M. Skretny
                                                  WILLIAM M. SKRETNY
                                                          Chief Judge
                                            United States District Court